Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TERESITA C. RIERA CARRIÓN<br><br>Recurrida<br><br>v.<br><br>JUAN C. ALBORS LAHONGRAIS<br><br>Peticionario | TA2026AP00073[1] | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: SJ2021CV03041<br><br>Sobre: División de Bienes Gananciales |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece ante este Tribunal, el señor Juan C. Albors Lahongrais (señor Albors Lahongrais o peticionario) mediante una *Moción en Auxilio de Jurisdicción* y escrito de *Certiorari* presentados el 20 y el 21 de enero de 2026, respectivamente, en los que nos solicitan la revocación de la *Resolución* dictada el 27 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).

Examinado el recurso presentado, así como el derecho aplicable, acordamos desestimarlo por falta de jurisdicción.

### I.

Surge del expediente ante nuestra consideración que, el **27 de agosto de 2025,** el TPI emitió una *Resolución*[2] en la cual declaró *Ha Lugar* la *Solicitud de Adelanto con Cargo a la Liquidación*[3] donde

---

[1] Acogemos la *Moción de Auxilio de Jurisdicción* como un *Certiorari*, por ser lo procedente en Derecho. No obstante, por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.

[2] Entrada Núm. 630 del caso Núm. SJ2021CV03041 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI).

[3] Entrada Núm. 97 SUMAC TPI.

concedió a la señora Teresita C. Riera Carrión (señora Riera Carrión o recurrida), un adelanto por la suma de un millón de dólares ($1,000,000.00) con cargo a la liquidación y a ser satisfecho por el señor Albors Lahongrais en treinta (30) días y apercibió que el incumplimiento con el pago del adelanto podría conllevar la imposición de sanciones.

El señor Albors Lahongrais esboza en la *Moción de Auxilio de Jurisdicción* y el escrito de *Certiorari* que, el 22 de noviembre de 2025 presentó un recurso de *Apelación* ante este foro intermedio, el cual fue acogido como un *Certiorari* y un panel hermano denegó la expedición del recurso y la reconsideración.

Además, solicita que emitamos una orden mediante la cual se revise la manera en que se pagaría el adelanto decretado por el TPI en su **Resolución de 27 de agosto de 2025**, ya que la forma provista en dicha *Resolución* es contraria a derecho. Entiende el peticionario que, el 10 de octubre de 2018, la jueza superior Hon. Karen M. Álvarez Echeandía emitió *Resolución*[4] donde ratificaron unas estipulaciones que datan del 2011 y mediante las cuales las partes alegadamente establecieron "*el pago de $2,000 con cargo a la liquidación*" y, pretende que se modifique la sentencia del TPI, a los efectos de que el millón de dólares de adelanto o anticipo a la liquidación sea pagadero en plazos mensuales de $2,000 cada uno, hasta que se llegue al millón de dólares decretado o hasta la liquidación de la comunidad postganancial, lo primero que ocurra[5].

Asimismo, en el recurso de *Certiorari* reitera lo peticionado en la *Moción en Auxilio de Jurisdicción.*

Así las cosas, el peticionario imputa al TPI el siguiente error:

Erró el TPI en no proveer en la Resolución Interlocutoria la cantidad mensual mediante la cual se hará el pago del adelanto o anticipio decretado.

---

[4] Anejo de la *Moción en Auxilio de Jurisdicción.*
[5] *Moción en Auxilio de Jurisdicción*

Examinado el expediente ante nos, estamos en posición de resolver sin mayor dilación. Aquí, optamos por prescindir de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[6], por ser la alternativa más eficiente para lograr el más justo despacho de la disputa.

## II.

### -A-

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración[7]. La jurisdicción es "la autoridad con la que cuenta el tribunal para considerar y decidir los casos y las controversias que tiene ante sí"[8]. "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay"[9]. Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso[10]. Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*[11].

---

[6] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

[7] *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011).

[8] *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio et al.*, 211 DPR 738 (2023).

[9] *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007).

[10] *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009).

[11] *Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones[12], nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre"[13].

### III.

En el caso que nos ocupa, el TPI notificó la *Resolución* el **27 de agosto de 2025**. Según surge del expediente, el **11 de septiembre de 2025,** el peticionario presentó *Moción en Solicitud de Reconsideración*[14]. El **23 de octubre de 2025**, el TPI denegó la *Moción en Solicitud de Reconsideración*[15]*,* **notificada el 27 de octubre de 2025**[16]. **El 22 de noviembre de 2025**[17], el señor Albors Lahongrais presentó la *Apelación*[18] la cual fue acogida como un *Certiorari* y fue denegado, al igual que la *Moción de Reconsideración* presentada por el peticionario ante un panel hermano.

Insatisfecho aun, el **20 y 21 de enero de 2026,** el peticionario acude ante nuestra consideración mediante la *Moción en Auxilio de Jurisdicción* y el *Certiorari,* con el fin de **solicitar nuevamente** la revocación de la *Resolución* del 27 de agosto de 2025 emitida por el TPI.

Al aplicar la norma antes expuesta al caso de autos, habiéndose **notificado la *Resolución* aquí impugnada el 27 de octubre de 2025,** el peticionario **disponía hasta en o antes del**

---

[12] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 117, 215 DPR __ (2025).
[13] *Juliá et al v. Epifanio Vidal, SE*, 153 DPR 357, 366 (2001).
[14] Entrada 632 SUMAC TPI. **Destacamos que la moción consta de 21 páginas y en ninguna de ellas expone la existencia de un acuerdo o estipulación del 2011, ante la Examinadora de Pensión Alimentaria ni menciona la resolución del 10 de octubre de 2018 de la jueza Karen M Alvarez Echeandía.**
[15] Entrada 646 SUMAC TPI.
[16] *Íd.*
[17] Entrada 667 SUMAC TPI.
[18] TA2025AP00578.

**martes 26 de noviembre de 2025**[19], para comparecer ante nos. Siendo de este modo, el señor Albors Lahongrais acude ante nuestro auxilio el 20 y 21 de enero de 2026, a cincuenta y cinco (55) días en exceso del plazo jurisdiccional aplicable. Ante estas circunstancias, es forzoso concluir que luego de expirado el término de treinta (30) días siguientes a la fecha del archivo en autos de una copia de la notificación de la Resolución recurrida, el recurso ante nuestra consideración es presentado tardíamente, por lo cual declaramos nuestra falta de jurisdicción respecto a los méritos de la controversia que se nos propone.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra,* el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción

**IV.**

Por los fundamentos antes expuestos, se ***desestima*** el recurso de epígrafe por falta de jurisdicción.

***Notifíquese inmediatamente.***

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 49, pág. __, 215 DPR __ (2025).